## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ENVIRONMENTAL INTEGRITY PROJECT**<br>1000 Vermont Ave. NW, Suite 1100<br>Washington, DC 20005<br><br>                  Plaintiff,<br><br>   v.<br><br>**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**<br>1200 Pennsylvania Ave., N.W.<br>Washington, DC 20460<br><br>                  Defendant. | Civil No. 1:17-cv:2578 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. Plaintiff, the Environmental Integrity Project (EIP or "Plaintiff"), seeks declaratory and injunctive relief to remedy violations of the Freedom of Information Act (FOIA or "Act"), 5 U.S.C. § 552, by Defendant, the U.S. Environmental Protection Agency (EPA or "Defendant"), for failure to respond to Plaintiff's October 24, 2017 FOIA request (EPA-HQ-2017-000967 within 20 working days (or within 30 days if the 10-day extension is properly invoked) as mandated by the statute, and produce the records improperly withheld.

**JURISDICTION**

2.This action arises under the citizen suit provision of the Freedom of Information Act.  5 U.S.C. § 552(a)(4)(B).

3.This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

4.This Court is a proper venue for all FOIA actions.  5 U.S.C. § 552(a)(4)(B); *In re Scott*, 709 F.2d 717, 720 (D.C. Cir. 1983).

5.FOIA provides that this Court may issue a declaratory judgment, provide injunctive relief from withholding records and to order production of such records, and grant other equitable relief as the Court may deem just and proper.  5 U.S.C. § 552(a)(4)(B); *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) ("The FOIA imposes no limits on courts' equitable powers in enforcing its terms.") (*citing Renegotiation Bd. v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 19-20 (1974) ("With the express vesting of equitable jurisdiction in the district court by § 552(a), there is little to suggest, despite the Act's primary purpose, that Congress sought to limit the inherent powers of an equity court.")).

6.This Court has jurisdiction to hear this claim, as Plaintiff has exhausted its administrative remedies through EPA's failure to respond within 20 working days (or 30 working days if the ten day extension was properly invoked) as required by law.  5 U.S.C. § 552(a)(6)(A)(i).  Under FOIA, requesters "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions . . . ."  5 U.S.C. § 552(a)(6)(C)(i).

7. This Court may award attorney fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E).

## PARTIES

8. Plaintiff EIP is a nonpartisan, nonprofit organization founded in 2002 by former EPA enforcement attorneys to advocate for more effective enforcement of environmental laws. EIP's three main objectives are: to illustrate through objective facts and figures how the failure to enforce or implement environmental laws increases pollution and affects the public's health; to hold federal and state agencies, as well as individual corporations, accountable for failing to enforce or comply with environmental laws; and to help local communities in key states obtain the protection of environmental laws. Consistent with our mission, we submit FOIA requests from time to time for records that reflect on the current EPA Administrator's position on key agency matters, such as compliance assurance, enforcement, and EPA rulemaking and policy.

9. Defendant EPA is a government agency responsible for protecting human health and the environment. Defendant EPA has possession, custody, and control of records to which Plaintiff EIP seeks access. Defendant EPA is headquartered at 1200 Pennsylvania Avenue NW, Washington, DC 20460.

## LEGAL BACKGROUND

### EPA's Requirements to Respond to FOIA Requests

10. FOIA requires that an agency "shall determine within 20 [working] days . . . after the receipt of any [FOIA] request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor; the right of such person to seek assistance from the FOIA Public Liaison of the agency; and in the case of adverse determination – the right of such person to appeal…[or] to seek dispute resolution

services from the FOIA Public Liaison. . . ." 5 U.S.C. § 552(a)(6)(A)(i). In "unusual circumstances" the time limits may be extended by written notice, which must include "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i). This extension notice may not "specify a date that would result in an extension for more than ten working days" unless defendant invokes a narrow exception, wherein the agency reasonably asks the requester to narrow the scope of his or her inquiry. *Id*. Thus, the statute mandates that an agency shall respond with a determination within 20 working days after receiving a FOIA request unless the agency in writing properly invokes the up to ten working day extension due to "unusual circumstances".

11. Upon any request for records, an agency shall make the records "promptly available." 5 U.S.C. § 552(a)(3)(A); *see also* 40 C.F.R. § 2.104(f) ("Once an office makes a determination to grant a request in whole or in part, it will release the records or parts of records…").

### Exhaustion of Administrative Remedies

12. FOIA provides that "[a]ny person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions . . . ." 5 U.S.C. § 552(6)(C)(i).

### FACTUAL BACKGROUND

13. On October 24, 2017, Plaintiff submitted a FOIA request through the FOIAOnline portal seeking both public speeches and speeches given by Scott Pruitt to third parties in his role as EPA Administrator. The FOIA was directed to EPA Headquarters (October 24, 2017) (Ex. A).

4

14. EPA confirmed that it received the request on October 24, 2017. The FOIA tracking number for this request is EPA-HQ-2018-000967. EPA Receipt Confirmation Email to EIP (October 24, 2017) (Ex. B). As a point of clarification, EIP's FOIA request letter was dated October 25, 2017; however, as EPA confirmed, the request was submitted and received on October 24, 2017.

15. On November 7, 2017, EIP received an email from EPA stating that Candace White would be EIP's point of contact for the FOIA. The email from Ms. White failed to state that EPA was notifying EIP of a ten day extension and did not ask EIP to clarify the request. EPA Email to EIP Regarding Point of Contact (November 7, 2017) (Ex. C).

16. As of today's date, the FOIAOnline portal lists the FOIA due on November 22, 2017.

17. The correct response date for the FOIA is November 21, 2017, 20 working days from EPA's acknowledgement of receipt.

18. To date, EIP has received no determination letter, request for clarification, or notification of or request for an extension from EPA regarding the FOIA.

19. More than 20 working days have transpired since the FOIA was filed on October 24, 2017, which is also the date EPA acknowledged receipt.

**CLAIM FOR RELIEF:**

**VIOLATION OF 5 U.S.C. § 552**

20. Plaintiff re-alleges and incorporates paragraphs 1 through 19.

21. Plaintiff has a statutory right to have EPA process Plaintiff's FOIA requests and to receive notice of EPA's determination whether to comply with Plaintiff's requests within the

5

timeframes mandated by the Act, and to have the requested records made promptly available to Plaintiff.

22.     Defendant's failure to timely respond to Plaintiff's FOIA request is an improper withholding of requested records and a violation of the FOIA requirement that an agency "shall determine within 20 [working] days . . . after the receipt of any [FOIA] request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor . . . ." 5 U.S.C. § 552(a)(6)(A)(i).  FOIA then requires that "each agency, upon any request for records… make the records promptly available…" 5 U.S.C. § 552(a)(3)(A).

23.     This delay is unreasonable in light of the fact that the records EIP is requesting are possessed by EPA and readily accessible by the Agency.

24.     EIP is unable to obtain the requested records directly from alternate sources because the requested materials were produced by EPA.

25.     EPA's disregard of its duty to release the documents requested has harmed and will continue to harm Plaintiff until EPA is compelled to comply with FOIA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Declare Defendant's failure to timely respond to Plaintiff's requests to be unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)-(B).

B.     Order Defendant to respond to Plaintiff's October 24, 2017 FOIA request.

C.     Order Defendant to immediately provide Plaintiff with all records responsive to Plaintiff's FOIA request.

D.  If EPA's response to any portion of the FOIA request claims that any records or portions of records are exempt from disclosure, order Defendant to provide a reasonable basis for its exemptions in satisfaction of the *Vaughn v. Rose* requirements.[1]

E.  Award Plaintiff the costs of this action, including reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

F.  Retain jurisdiction to ensure compliance with the Court's decree.

G.  Grant such other relief as the Court deems just and proper.

DATED:   December 4, 2017

Respectfully submitted,

/s/ Mary E. Greene
Mary E. Greene, DC Bar No. 987644
Environmental Integrity Project
1000 Vermont Ave., Suite 1100
Washington, DC 20005
(202) 263-4449
mgreene@environmentalintegrity.org

*Counsel for Environmental Integrity Project*

---

[1] 484 F.2d 820 (D.C. Cir. 1973).